Ursula Hernández, etc., demandante y apelada, *v.* Serodacio Alvarado, demandado y apelante.

No. 4596.—*Visto:* Mayo 7, 1928. *Resuelto:* Mayo 10, 1928.

*C. Iriarte, Jr.,* abogado del apelante; *L. H. Tirado,* abogado de la apelada.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

En este caso se ha pedido de la corte la desestimación de la apelación fundándose en que el apelante solicitó copia del récord taquigráfico para presentar una exposición del caso y después varias prórrogas para la obtención de tal récord, cuyas prórrogas fueron concedidas por la corte; en que han transcurrido 138 días desde la fecha en que se presentó el escrito de apelación; y en que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe por no ser de absoluta necesidad el récord taquigráfico para preparar la exposición del caso y porque constándole que en una de las tres sesiones en que se desarrolló el juicio intervino un taquígrafo distinto del que actuó en las otras, no solicitó oportunamente de aquél que hiciera la transcripción de las notas taquigráficas y ha venido a pedirlo en abril 14 de 1928, o sea, ciento veintiséis días después de presentar la apelación.

No podemos estar conformes con que el no ser de

absoluta necesidad el récord taquigráfico para preparar la exposición del caso demuestre negligencia o mala fe de parte del apelante.

Regularmente una copia de la evidencia es necesaria, si bien no imprescindible, para el apelante que quiera presentar debidamente una exposición del caso, ya que la memoria en cuanto a la prueba puede ser infiel al apelante y al preparar tal exposición incurrir en serios errores en cuanto a la prueba practicada. Lo lógico es que se necesite una copia de esa prueba, como se necesitan las copias de los documentos para relatar o referir su contenido.

De los documentos presentados en oposición a la moción de desestimación, oposición jurada y certificaciones del secretario y de los taquígrafos que intervinieron en este caso, así como de los presentados para apoyar la moción, resulta claro que la parte apelante solicitó varias prórrogas para presentar tal exposición del caso y que le fueron concedidas; que esas prórrogas generalmente se fundaban en la circunstancia de no haber el taquígrafo terminado el récord del caso y algunas de ellas en las urgentes ocupaciones del abogado del apelante en otros casos y en atención a sus deberes como senador de Puerto Rico y una de ellas en la circunstancia de que el taquígrafo que actuó en la segunda sesión en este juicio no había transcrito las notas tomadas en dicha sesión; apareciendo asimismo que el taquígrafo Sr. José Morales Díaz no había podido despachar antes la transcripción de la evidencia, que había estado enfermo y que las notas taquigráficas tomadas por el otro funcionario se habían confundido con las libretas del taquígrafo ordinario. Asimismo aparece claramente demostrado que el abogado del apelante gestionó constantemente para la obtención de las notas taquigráficas y en la petición y obtención de prórrogas y que tan pronto como obtuvo dichas notas preparó su exposición del caso y la presentó inmediatamente a la corte, en fecha 28 de abril de 1928, hallándose señalada la aprobación

para el 11 de mayo del mismo año; y que el dicho abogado de la parte apelante no ha sido culpable de la más pequeña negligencia sino que por el contrario ha atendido el caso con la mayor y mejor diligencia compatible con las circunstancias en que se encontraba.

*La moción de desestimación debe ser denegada.*